**In re P & E WOODWORKING, INC., Debtor.**

**Bankruptcy No. 88–01215–K.**

United States Bankruptcy Court, D. Idaho.

July 21, 1988.

J. Ford Elsaesser, Verby, Elsaesser & Jarzabek, Sandpoint, Idaho, for debtor.

R. Wayne Sweney, Lukins & Annis, Coeur dÁlene, Idaho, for Creditors Committee.

Duane M. Swinton, Spokane, Wash., for U.S. Bank of Washington.

J.T. Diehl, Sandpoint, Idaho, for Stanton Diehl.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

The unsecured creditors committee moves for an order removing Attorney Ford Elsaesser from the management committee of the debtor and the appointment of a nominee of the creditors committee in place of Mr. Elsaesser. The basis of the motion is the contention Mr. Elsaesser is ineligible to serve as both counsel for the debtor and as a member of the management committee under the provisions of 11 U.S.C. § 327.

Although the motion raises the issue of Mr. Elsaesser's ability to serve as a member of the management committee, as opposed to his ability to serve as a professional person under the provisions of § 327, I will consider the issue of whether Mr. Elsaesser is a "disinterested person" under the code provisions as the creditors committee contends.

11 U.S.C. § 327 designates the necessary criteria for the appointment of professional persons. An appointee under the section must be a disinterested person and not have an interest adverse to the estate. A "disinterested person" is defined in 11 U.S.C. § 101(13)(A) as a person "... not a creditor, an equity security holder, or an insider ..." as far as the issues in the instant case are concerned. Under 11 U.S.C. § 101(30)(B), an "insider" includes a director or "person in control" of the debtor. The creditors committee contends Mr. Elsaesser's position on the management committee is tantamount to a directorship.

Clearly, a lawyer who has served as an officer or director of the debtor corporation prior to its filing is an insider and thus is not a disinterested person under the above code provisions. The key question in this case is whether a lawyer who takes part in management decisions after the filing ought to be considered an insider. I conclude such is not an insider situation.

The typical insider problem inherently derives from a pre-petition situation. I question if such an entity as a post-petition insider can exist. Likewise, the director disqualification would be limited to a prefiling or prepetition situation, as would also be true in the case of a "person in control of the debtor" under § 101(30)(B)(iii). The purpose of the disqualification provisions of § 327(a) is to preclude involvement in the administration of the debtor's estate by a professional person previously involved in the management of the debtor prior to the filing of the petition. I therefore conclude a professional person, in this case Mr. Elsaesser, is not precluded as a matter of law from participating in the administration of an estate both as a professional person under § 327 and as a member of the management team directing the process of reorganization in a Chapter 11 case.

The creditors committee's motion will be denied by separate order.